PAINE, ABLETT & CO. v. THE WATERLOO GAS CO.

1. **Pleading**: NAME OF PLAINTIFF: CORRECTION. This action was brought in the name of *P., A. & Co.*, as plaintiffs, whereas the true name of the firm was *P., A. & Co., Limited*. *Held* that if the error was material it might be corrected by amendment pending the trial.

*Appeal from Black Hawk District Court.*

FRIDAY, JUNE 18.

THIS is an action at law by which plaintiffs seek to recover of the defendant for a car-load of gas oil sold by plaintiffs to the defendant. There was a trial by the court without a jury, and a judgment was rendered for the plaintiffs. Defendant appeals.

*Boies, Husted & Boies*, for appellant.

*O. C. Miller*, for appellees.

ROTHROCK, J.—I. The action was brought in the name of Paine, Ablett & Co. It appears that a firm of that name had been engaged in the oil business at Pittsburg, Pa., for some years. Some time before the car-load of oil in controversy was sold to the defendant, a change was made in the partnership of Paine, Ablett & Co., by which one of the old members of the firm retired from the business, and some three new members joined the firm. After this change the firm was accustomed to affix the word "Limited" to the partnership name. This word was not affixed to the name in the title of the cause in the petition. After the plaintiffs introduced their evidence in chief, the defendant moved the court for judgment for the defendant, because the evidence showed that the oil in question was sold to defendant by Paine, Ablett & Co., *Limited*, and not by Paine, Ablett & Co., the plaintiffs in the action. Thereupon the plaintiffs moved to amend their petition by adding the word "Limited" to the name of plaintiffs. The amendment was made by leave of the court. The defendant claims that the order giving leave to amend was erroneous, because it was an entire change of the parties plaintiff to the action, and affected the question of the statute of limitations, because the full statutory bar had

run at the time the amendment was made. It is very doubt-ful, in our minds, whether any amendment was necessary. If it was a necessary part of the name, it seems very plain to us that there was no change of parties, but that the amendment was a mere correction of the name of the plaintiff, and that the amendment was authorized under section 2689 of the Code.

II. The defendant contended on the trial that the action was barred by the statute of limitations, and it is now claimed that the district court erred in not so finding. This point depends upon the question of fact whether the sale was made for cash or on thirty days credit. Without setting out or discussing the evidence, we deem it sufficient to say that the court was warranted in finding from the evidence that the sale was upon a credit of thirty days.

AFFIRMED.